## Case No. 13,517.

### STOYEL v. LAWRENCE.

[1 Brun. Col. Cas. 31; [1] 3 Day, 1.]

Circuit Court, D. Connecticut. 1807.

EXECUTION—SERVICE AFTER RETURN DAY—TRESPASS.

An execution after the expiration of the time within which it is made returnable, is of no force, and an arrest under it is a trespass.

This was an action of trespass for false imprisonment [by Isaac Stoyel against John Lawrence]. Plea, not guilty. On the trial it appeared that one Job Smith had obtained a judgment, before the Windham county court, against the plaintiff, and had taken out an execution, dated the 13th of May, 1804, returnable according to law.[2] On the 25th of August, 1804, Lawrence was deputed by the sheriff of Windham county to execute it. On the 31st of July, 1805, Lawrence, with the assistance of Adams, arrested the plaintiff, by virtue of that execution, and kept him in confinement one or two days, when he paid the execution and was released. The only question in the case was whether the execution gave the officer any authority to make the arrest.

Mr. Ingersoll, for plaintiff, contended that the time within which the execution was returnable having expired. it became a dead letter, and that the arrest under it was a trespass.

Mr. Daggett, for defendants, contended that the time limited for the return of an execution is only for the benefit of the creditor. When that time is expired the officer becomes liable to him. But with regard to the debtor it makes no difference. His indebtedness is the same till the execution is satisfied. He may be taken at any time. The right of the creditor to renew his execution at pleasure shows that the limitation is in his favor. Further, an officer may justify under a process which is either irregular or erroneous, provided it be not absolutely void. In the following cases it was holden that though the process was irregular, yet it was sufficient for the sheriff to make the arrest, and therefore he was liable for an escape: Howard v. Pitt, 1 Salk. 261; Shirley v. Wright, Id. 273; 2 Salk. 700; 2 Ld. Raym. 775; Ognell v. Paston, Cro. Eliz. 165; and Bushe's Case, Id. 188. A capias ad satisfaciendum, made returnable at a day which falls out of the term is not void, but only liable to be set aside, upon motion, for irregularity. Campbell v. Cumming, 2 Burrows, 1187. In this state an execution after the return day is not more irregular than the executions in the cases cited. The reason why, in England, an execution may not issue after the expiration of a year and a day, without a scire facias, is that the court concludes, prima facie, that within that time the judgment is satisfied. Here, a scire facias to obtain execution is unknown; but in lieu of it we take out an alias, and if the judgment has been satisfied the debtor is entitled to an audita querela.

Mr. Ingersoll, in reply, said there was a material difference between an execution in England after a year and a day, and an execution here which has run out. In the former case the officer does not know but that the execution had been stayed by a writ of error, in which case it would be good; it is good upon the face of it; and he ought not to be hurt for executing it. But in the latter case the execution is bad upon the face of it. He knows that it can give him no authority.

EDWARDS, District Judge, after remarking to the jury that the case depended upon a mere question of law, directed them to find for the plaintiff. The execution, he said, gave the officer no authority whatever, and consequently formed no defense. A verdict was found for the plaintiff accordingly.